UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

JONTELE GOODWIN,

    Plaintiff,

v.

    Case No. 2:22-cv-228

    Hon. Hala Y. Jarbou

UNKNOWN DOUGLASS, et al.,

    Defendants.
_____/

### ORDER

For the reasons stated in the opinion entered concurrently with this Order:

**IT IS ORDERED** that the report and recommendation (ECF No. 64) is **APPROVED IN PART** and **REJECTED IN PART** as the opinion of the Court.

**IT IS FURTHER ORDERED** that Defendants' motion for summary judgment (ECF No. 44) is **GRANTED IN PART** and **DENIED IN PART**.

**IT IS FURTHER ORDERED** that Defendants' motion to strike Plaintiff's surreply to their motion for summary judgment (ECF No. 61) is **GRANTED**, and the Clerk of Court is directed to strike the surreply (ECF No. 60).

**IT IS FURTHER ORDERED** that Plaintiff's motion for partial summary judgment (ECF No. 49) and his motion for preliminary injunctive relief (ECF No. 47) are **DENIED.**

Plaintiff's retaliation claim against Defendants Austin Douglass and Keith Clegg remains pending. The following facts are not in genuine dispute: First, Clegg retrieved an item out of a trash bin and later carried that item into the cafeteria. Second, the item Clegg retrieved and carried was a bag of orange juice. Third, Plaintiff is the person recorded in Exhibits I and J to Defendants'

summary judgment motion (ECF Nos. 45-10, 45-11) exiting the prison mess hall and subsequently being subjected to a pat-down search.  The Court does not reach a determination on the other issues raised in Defendants' objections, such as whether Plaintiff's affiant Anthony Roberts would have been able to observe Plaintiff's conduct near the prison canteen door, and it expresses no opinion on the core question of whether Plaintiff in fact carried a bag of juice out of the canteen.  Those matters are reserved for adjudication by the trier of fact.

Dated:  February 21, 2025 /s/ Hala Y. Jarbou
HALA Y. JARBOU
CHIEF UNITED STATES DISTRICT JUDGE